UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO HERNANDEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>M. HERNANDEZ, et al.,<br><br>　　　　　Defendants. | Case No.  1:13-cv-01625-AWI-MJS (PC)<br><br>**ORDER REGARDING DISCOVERY** |

## I. PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Hernandez, Zambrano, Clark, Rodriguez, and Martin on Plaintiff's Eighth Amendment excessive force claim.

On April 29, 2015, the Court conducted a telephonic discovery dispute conference in this matter. (ECF No. 68.) During the conference, defense counsel agreed to provide the Court with the following disputed discovery items for in camera review: (1) a video interview involving non-party Inmate Brennick; (2) documents numbered eight and nine on Defendants' Supplemental Privilege Log regarding an Internal Affairs investigation of the February 23, 2013 use of force incident. (See ECF No. 69.)

Defense counsel provided the disputed items to the Court for in camera review on May 1, 2015. Defense counsel additionally provided the Court with documents numbered two and three on Defendants' Supplemental Privilege Log, which she believes also are responsive to Plaintiff's request.

## II. DISCUSSION

### A. Video of Inmate Brennick

Plaintiff seeks to view the video interview of Inmate Brennick regarding the February 23, 2013 use of force incident involving Plaintiff. Defendants declined to produce the video on the ground it relates only to the use of force on Brennick and therefore is irrelevant to Plaintiff's claims.

The Court has reviewed the video interview of Inmate Brennick. At one point in the video, Brennick appears to briefly reference actions involving Plaintiff. Accordingly, in that singular respect, the video can be said to be relevant to Plaintiff's claims, although of little, if any, apparent substantive value.

The Court will order that the portion making that reference, in context, be excerpted and shown to Plaintiff or transcribed and the transcript provided to him. (Alternatively, Defendants may, at their option, elect to simply show the entire video to Plainitff.)

### B. Document Nos. Two, Three, Eight, and Nine

Plaintiff seeks documents from the Office of Internal Affairs investigation of the February 23, 2013, incident in order to show which staff responded to and used force during the incident.

Defendants respond that Plaintiff was informed in writing that Internal Affairs found no policies were violated during the incident. They further contend that any other documents associated with the investigation are confidential and privileged.

The Court has reviewed Document Nos. Two, Three, Eight, and Nine on Defendants' Supplemental Privilege Log and has determined that they do not contain any relevant information beyond that already provided to Plaintiff, i.e., they reflect that

no policy violation was found and no internal affairs investigation was undertaken, and, most significantly, nothing therein reflects who responded to the incident. Accordingly, the documents do not warrant disclosure.

Plaintiff's request for these documents will be denied.

### C. Protective Order

Along with their in camera submissions, Defendants request the opportunity to seek a protective order prohibiting Plaintiff from disclosing such documents to others in the event the Court determines the documents must be disclosed.

The Court will order Defendants to make the above-described portion of the video interview of Inmate Brennick, or a transcription thereof, available to Plaintiff. Plaintiff's institution does not permit him to possess videos. Thus, he may view the video only with the assistance of correctional personnel. If a transcript of the segment mentioning Plaintiff is provided, Defendant's may re-petition for a protective order. However, since Defendants may elect to show the video itself and since the transcript of the limited segment discussed above, if provided, does not appear to reveal any protected information, the Court will not now issue a protective order.

Defendants' request will be denied without prejudice.

### III. CONCLUSION AND ORDER

Based on the foregoing, Defendants are HEREBY ORDERED to make arrangements for Plaintiff to view the above-described portion of the video interview of Inmate Brennick or to provide a transcription thereof within fourteen (14) days of the date of this order. Defendants' request for leave to seek a protective order is DENIED without prejudice. Plaintiff's request for documents relating to an Internal Affairs investigation is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   May 12, 2015                        /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE