UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>M. HERNANDEZ, et al.,<br><br>    Defendants. | Case No.  1:13-cv-01625-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 53)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

## I. PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Hernandez, Zambrano, Clark, Rodriguez, and Martin on Plaintiff's Eighth Amendment excessive force claim.

On March 23, 2015, Defendant Clark, Rodriguez, and Martin moved for summary judgment on the ground Plaintiff failed to exhaust his administrative remedies against them. (ECF No. 53.) Plaintiff filed several documents in opposition. (ECF Nos. 59, 64, 65, 66, 67.) Defendants filed a reply. (ECF No. 70.) The matter is deemed submitted.

## II. LEGAL STANDARD – MOTION FOR SUMMARY JUDGMENT

A motion for summary judgment is the proper means to raise a prisoner's failure to exhaust administrative remedies. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). Defendants have the burden of proving Plaintiff failed to exhaust available

administrative remedies. See Jones, 549 U.S. at 216 (failure to exhaust is an affirmative defense). A defendant's burden of establishing an inmate's failure to exhaust administrative remedies has been characterized by the Ninth Circuit as "very low." Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012).

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. If material facts are disputed, summary judgment should be denied, and the Court should decide disputed factual questions relevant to exhaustion "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." Id. at 1169-71.

Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed R. Civ. P. 56(c)(1). In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007), and it must draw all inferences in the light most favorable to the nonmoving party, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).

**III.   FACTUAL SUMMARY**

**A.   Plaintiff's Claims**

Plaintiff currently is incarcerated at High Desert State Prison, but complains of acts that occurred at Pleasant Valley State Prison ("PVSP"). The allegations in Plaintiff's complaint (ECF No. 1) may be summarized, in relevant part, as follows:

Plaintiff alleges that he was assaulted by Defendants at PVSP on February 23, 2013. More specifically, Plaintiff alleges that, while he was in the dining hall eating breakfast, Defendant Hernandez ordered Plaintiff to uncuff his pant legs. While Plaintiff was doing so, Hernandez told Plaintiff to "hurry the fuck up." Plaintiff responded, "How does that make you feel?" Hernandez was upset by this response and instructed Plaintiff to place his hands behind his back and to cuff-up. Hernandez then grabbed Plaintiff's cuffed hands and shoved them upwards toward his back, causing Plaintiff to fold over at the waist and hit his forehead on concrete. Defendant Zambrano scratched Plaintiff's face during the incident. Defendants Clark, Rodriguez, and Martin struck and kicked Plaintiff.

### B. Exhaustion of Administrative Remedies

Based on the submissions of the parties (ECF Nos. 53, 59, & 70), the Court finds the following facts to be undisputed.

On March 8, 2013, Plaintiff submitted inmate Appeal No. PVSP-13-00777 regarding the February 23, 2013 incident. In the portion of the appeal form asking Plaintiff to "Explain your issue," Plaintiff stated that, following a verbal altercation with Defendant Hernandez, Defendant Hernandez shoved Plaintiff's cuffed hands toward Plaintiff's upper body, causing Plaintiff to bend forward and hit his head on concrete. Plaintiff further stated that Defendant Hernandez's partner "carved her fingernails" into Plaintiff's face and head. Plaintiff then stated as follows:

> Once my forehead impacted the concrete with great force Immediately afterwards, I became disoriented, dizzy w/a blurry vision: whiled the assault continued, responding officers participated: Officer's used a greater force. Each kicked my (L) side face, neck area, arounded the head area, "repeatedly." Afterwards, I taken to OTC, OTC transportation officers transported me to "C.R.M.C." Hospital. I was treated for head injuries. Dr. performed two separated staples surgery procedure (1) of (3) (1) of (7): (Note) that I suffered shoulder pain, neck pain, and head pain. (Note) I have no knowledged of the responding officers that participated in the "assault." My face was facing down toward's the concrete, nor am I able to identified Officer Hernandez partner. However, I have an inmate that witnessed the incident and the officers involved.

In the portion of the appeal form asking for "Action requested," Plaintiff asked that persons identified in his appeal be interviewed. Plaintiff then identified Officer Hernandez, Officer Hernandez's partner, Defendant Rodriguez, Defendant Martin, Captain Walker, and Inmate Thomas Brennick as witnesses. Plaintiff noted that Defendant Martin could attest that Plaintiff had no injuries on his fists on February 25, 2013 (two days after the incident). Plaintiff further stated that Inmate Brennick could identify the officers involved in the incident.

Plaintiff was interviewed regarding his appeal and, during the interview, identified Defendant Zambrano as Defendant Hernandez's partner. Plaintiff also stated, "next thing you know I got all kinds of officers beating me up. I couldn't see because my face was facing down."

Plaintiff's appeal bypassed the first level of review. At the second level, his appeal was granted in part, in that Plaintiff's appeal was referred to the Office of Internal Affairs. The second level decision noted that Plaintiff was unable to identify anyone other than Officer Hernandez. Plaintiff was advised, "You do not exhaust administrative remedies . . . concerning any staff member not identified by you in this complaint." He further was advised, "If you are unable to name all involved staff you may request assistance in establishing their identity."

Plaintiff appealed the second level decision to the third level. In his third level appeal, Plaintiff complained that "clear instructions was not provided" on how to seek assistance in establishing the identity of unknown staff members. Plaintiff stated that, since his initial appeal, he had spoken with other inmates who identified Defendants Rodriguez and Zambrano as being involved in the incident. He stated that he had sought a CDCR 1858 Rights and Responsibilities Statement form from the Law Library but was not provided one. He also reviewed title 15 of the California Code of Regulations with "negative results." Plaintiff stated he was attaching additional sheets to his appeal to demonstrate his "good faith efforts" to identify involved staff. The additional

sheets apparently included a CDCR 22 Inmate/Parolee Request for Interview, Item or Service, naming Defendants Rodriguez and Clark, and Officer J. Goethe, as being involved in the incident.

Thereafter, Plaintiff was advised that his appeal was rejected because it was missing a CDCR 1858 form. Plaintiff then submitted the 1858, and his appeal proceeded to the third level of review.

Plaintiff's appeal was denied at the third level. The decision again noted that Plaintiff was only able to identify Defendant Hernandez. The decision characterized Plaintiff's attempt to identify other officers involved in the incident as "add[ing] new issues and requests to his appeal." The decision did not address the additional officers because "it is not appropriate to expand the appeal beyond the initial problem and the initially requested action."

Plaintiff exhausted Appeal No. PVSP-13-00777. There is no dispute that, through this appeal, he exhausted his administrative remedies as to Defendants Hernandez and Zambrano. The only issue is whether he exhausted his administrative remedies as to Defendants Clark, Rodriguez, and Martin.

**IV.   DISCUSSION**

   **A.   Parties' Arguments**

Defendants argue that Plaintiff did not identify Defendants Clark, Rodriguez or Martin, or make a reasonable attempt to identify these Defendants, in his initial appeal form, as required under title 15, section 3084.2(a)(3) of the California Code of Regulations. Defendant Clark is not mentioned anywhere in the appeal. Defendants Rodriguez and Martin were identified as potential witnesses. Plaintiff was interviewed regarding his administrative appeal, but did not identify these Defendants in the interview. Plaintiff's third level appeal mentioned Defendant Rodriguez as a participant in the attack, but this issue was not considered because it was construed as an improper attempt to add a new issue to the appeal. Accordingly, Plaintiff did not exhaust administrative remedies as to these Defendants.

Plaintiff contends that he exhausted administrative remedies as to these three Defendants. He states that his reference to "responding officers" in the initial appeal form was sufficient to put prison authorities on notice as to the participants in the use of force incident. This is particularly true because Defendants Clark, Martin, and Rodriguez are identified as "Responders" in Incident Reports for Incident Log No. PVSP-FAP-13-02-0061 concerning the February 23, 2013 incident. Plaintiff also contends that he submitted a separate grievance regarding Defendant Martin's participation in the use-of-force incident on March 10, 2013. It appears the grievance was considered a duplicate of Appeal No. PVSP-13-00777 and therefore screened out. Plaintiff resubmitted the grievance on April 9, 2013, May 8, 2013, and June 12, 2013 but it was not processed.

In reply, Defendants maintain that Plaintiff's reference to "responding officers" was insufficient to exhaust administrative remedies as to Defendants Martin, Clark, and Rodriguez. According to Defendants, the Incident Reports for Incident Log No. PVSP-FAP-13-02-0061 refer to too many "responding officers" for the Appeals Coordinator to have identified Defendants Clark, Rodriguez, and Martin as being involved in Plaintiff's complaint. Additionally, Plaintiff should have reviewed the Incident Reports himself to identify the responding officers prior to filing his grievance. Plaintiff had sufficient time (30 days) to delay filing his grievance in order to identify the officers, but did not do so. Additionally, the March 10, 2013 grievance regarding Defendant Martin was not exhausted.

**B.    Legal Standard – Exhaustion**

The Prison Litigation Reform Act requires prisoners to exhaust "such administrative remedies as are available" prior to bringing an action regarding prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 211 (2007). "The primary purpose of a [prisoner's administrative] grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

Exhaustion must be "proper." Woodford v. Ngo, 548 U.S. 81, 93 (2006). The

1 prison's own grievance process determines how detailed a grievance must be to satisfy
2 the exhaustion requirement. Jones., 549 U.S. at 218. The prisoner must comply with that
3 process in such a way as to allow the prison to reach the merits of the issue. Woodford,
4 548 U.S. at 90.

The regulations applicable at the time Plaintiff filed his grievance[1] required that
Plaintiff's grievance "list all staff member(s) involved and . . . describe their involvement
in the issue." Cal. Code Regs. tit.15, § 3084.2(a)(3) (2011). Additionally,

> [t]o assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), <u>he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question</u>.

Id. (emphasis added). Plaintiff was required to state "all facts known and available to him/her regarding the issue being appealed" at the time of submitting his initial appeal form. Cal. Code Regs. tit. 15, § 3084.2(a)(4) (2011).

**C.  Analysis**

Plaintiff's grievance stated that "responding officers" kicked him in the face, neck, and head. He further stated that he was unable to identify the officers involved because

---

[1] Previously, the California Code of Regulations required only that an inmate "describe the problem and action requested." Cal. Code Regs. tit. 15, § 3084.2(a) (2007). Thus, prior to 2011, prisoners were not required in an administrative grievance to "identify responsible parties or otherwise to signal who ultimately may be sued." Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (citing Jones, 549 U.S. at 217); Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014). Although the United States Supreme Court has stated that providing notice of the individuals who might later be sued is not one of the leading purposes of the exhaustion requirement, Jones, 549 U.S. at 219, California nonetheless amended its regulations to now require prisoners to identify responsible staff in their complaints.

District courts appear to have taken differing views of the new regulations. Compare Blacher v. Johnson, No. 1:12-cv-01159-GSA-PC, 2014 WL 790910, at *4 (E.D. Cal. Feb. 26, 2014) (dismissing action for failure to exhaust because defendant was not named in the appeal) with Treglia v. Kernan, No. C 12–2522 LHK (PR), 2013 WL 4427253, at *4 (N.D. Cal. Aug. 15, 2013) (concluding plaintiff was not required to name all defendants in an appeal subject to the current regulations). In light of this conflicting case law, the absence of controlling authority on point, and the tangential relationship between this requirement and the purposes of exhaustion, there may be some question regarding the viability of California's name-all-defendants requirement.

The Court need not resolve this question in this case. For the reasons set forth below, the Court finds that Defendants have failed to prove failure to exhaust, even under the 2011 regulations.

he was face down during the beating. Plaintiff provided the names of several witnesses he believed may have been able to identify the officers involved. Defendants provide no evidence that additional information regarding the participation of Defendants Clark, Rodriguez, and Martin was available to Plaintiff at the time he filed his grievance. Based on the foregoing, the Court finds that Plaintiff provided all of the "<u>available information</u> that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question" in compliance with sections 3084.2(a)(3) and (4).

Defendants' arguments to the contrary are unavailing. Defendants first argue that Plaintiff's initial grievance identified Defendants Rodriguez and Martin as potential witnesses, and therefore Plaintiff knew of these Defendants' at the time of filing. The question, however, is not whether Plaintiff knew of these individuals, but whether he knew they participated in kicking him. There is no evidence to indicate he did. Indeed, the grievance stated that Defendant Martin would be able to confirm that Plaintiff did not have injuries on his hands two days after the incident, <u>not</u> that Defendant Martin was present at or participated in the incident.

Defendants next argue that Plaintiff's attempts to identify the "responding officers" later in the appeal process constituted an improper attempt to add a new issue to the appeal. This argument is not supported by logic or the applicable regulations. Again, the regulations required Plaintiff to state "all facts known and available to him/her regarding the issue being appealed" at the time of submitting his initial appeal form. Cal. Code Regs. tit. 15, § 3084.2(a)(4). There is no evidence he did not do so. Additionally, title 15, section 3084.1(b) (2011) provides that administrative remedies are not considered exhausted as to "any new issue, information, or person" not included in the original appeal. However, to the extent Defendants Clark, Rodriguez, and Martin were "responding officers," they were included in the original appeal. Plaintiff's attempt to identify the officers constituted neither a new issue nor an attempt to expand the scope of relief requested in the initial appeal. Indeed, Plaintiff was advised at the second level of his appeal that he could seek assistance in identifying the unnamed officers, an effort

that would be fruitless if he could not pursue his appeal against them.

Defendants further argue that Plaintiff's reference to "responding officers" was insufficient to allow the appeals coordinator to identify the staff involved. However, this is not the measure of sufficiency under the regulations. Plaintiff is required to state "all facts know and available to him." Cal. Code Regs. tit. 15, § 3084.2(a)(4). Such facts may or may not be sufficient for the appeals coordinator to identify staff. Regardless, however, there is no evidence in this case whether the appeals coordinator made a "reasonable attempt" to identify the staff in question, as contemplated under section 3084.2(a)(3). For example, there is no indication the appeals coordinator reviewed the related Incident Log No. PVSP-FAP-13-02-0061 or interviewed the witnesses identified by the Plaintiff.

Finally, Defendants argue that Plaintiff should have delayed filing his appeal to review the Incident Reports in order to identify the responding officers. However, nothing in the regulations required Plaintiff to delay his appeal. He was required to present the facts available to him. There is no evidence before the Court that the Incident Reports were available to Plaintiff at the time he filed his initial grievance. Indeed, there is no evidence that the Incident Reports would have been made available to Plaintiff in the thirty day period he had to file his appeal.

Defendants advocate for an exhaustion requirement that would bar inmates from brining civil rights actions for excessive force where they did not see their attackers and thus could not provide any identifying information in the immediate aftermath of the incident. In Defendants view, if the inmate is fortunate enough to later learn the identity of these individuals, he nevertheless is barred from seeking judicial relief if he does not discern their names within thirty days. This Kafkaesque measure of justice is not supported by the applicable regulations or the policies underlying 42 U.S.C. § 1983. Accordingly, Defendants have failed to show Plaintiff did not exhaust his administrative remedies.

## V.     CONCLUSION AND RECOMMENDATION

The Court finds that Defendants Clark, Rodriguez, and Martin have not met their burden of proving that Plaintiff failed to exhaust available administrative remedies. Accordingly, the Court HEREBY RECOMMENDS that Defendant's motion for summary judgment (ECF No. 53) be DENIED.

The findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   May 17, 2015                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE