UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO HERNANDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>M. HERNANDEZ, et al.,<br><br>        Defendants. | CASE NO. 1:13-cv-01625-MJS (PC)<br><br>**ORDER DENYING MOTION FOR COURT ORDER (ECF No. 74)**<br><br>**ORDER DENYING MOTION TO COMPEL (ECF No. 75)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Hernandez, Zambrano, Clark, Rodriguez, and Martin on Plaintiff's Eighth Amendment excessive force claim. Trial is set for August 11, 2015. (ECF No. 86.)

On May 21, 2015, Plaintiff filed a motion for a court order to obtain photographs. (ECF No. 74.) Defendants filed an opposition. (ECF No. 81.) Plaintiff filed no reply.

On May 26, 2015, Plaintiff filed a motion to compel discovery. (ECF No. 75.) Defendants filed an opposition. (ECF No. 80.) Plaintiff filed no reply.

These matters are deemed submitted.

**I.    MOTION FOR COURT ORDER**

Plaintiff requests a court order requiring someone to take photographs of the bottoms of Defendants' work boots, apparently to prove that the boots match alleged tread patterns and bruises on Plaintiff's skin following the incident at issue in this case. (ECF No. 74.)

Defendants oppose the motion on the ground that Plaintiff provides no legal basis for such an order. Additionally, the boots are at least 27 months old. Finally, other evidence may substantiate Plaintiff's claims without the need to take photographs. (ECF No. 81.)

Federal Rule of Civil Procedure 34 allows Plaintiff to request that Defendants provide him with documents or tangible things – such as photographs – that are in the Defendants' possession, custody, or control. It does not require Defendants to create evidence or take photographs to support Plaintiff's case. Nor does Plaintiff point the Court to any authority that would allow the Court to order such photographs to be taken by another individual at public expense. See Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) ("[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress. . . ." (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976))). Moreover, nothing before the Court indicates that Defendants are still in possession of the boots worn during the incident or that they have maintained the boots in such a state that the tread pattern would be unaltered from the time of the incident. Thus, there is nothing to indicate that photographs of the boots in their current state would be relevant.

Accordingly, Plaintiff's motion for a court order to take photographs will be denied.

**II.    MOTION TO COMPEL**

Plaintiff seeks to compel Defendant Hernandez to produce a 2009 Pleasant Valley State Prison investigation report into alleged illegal and other gang activity on

the part of Defendant Hernandez. (ECF No. 75.) In support of his request, he attaches a declaration from Inmate Chance Harden, stating that in 2009, Harden was required to provide Defendant Hernandez with a case of soup and a container of coffee each month in exchange for Defendant Hernandez ignoring Harden's illicit tattoo enterprise. According to Harden, Defendant Hernandez used the soup and coffee to pay "inmate soldiers" to "beat down" other inmates who filed grievances. Several months later, investigators confiscated cases of soup and coffee from the officer's office room. Defendant Hernandez also allowed inmates to sell nighttime phone slots and, around this time, got a "gang related" tattoo of a star on his neck.

Plaintiff claims that Defendant Hernandez's illegal activity and his tattoo are relevant because they show that Defendant Hernandez was a member of a rival gang and therefore had a motive to use excessive force against Plaintiff.

Defendants maintain that such documents would be irrelevant if they existed, but Defendant Hernandez was not investigated in 2009 for gang activity, and therefore no responsive documents are in Defendants' possession, custody, or control. (ECF No. 80.)

Defendants are required to produce non-privileged documents that are in their possession, custody, or control. Fed. R. Civ. P. 34. They cannot be compelled to produce documents that do not exist. Defendants contend that Defendant Hernandez was not investigated for gang activity in 2009, and Plaintiff provides no evidence to the contrary. The declaration by Inmate Harden does not support a finding that Defendant Hernandez was investigated for gang activity, particularly in light of Defendants' statement to the contrary.

Accordingly, Plaintiff's motion to compel (ECF No. 75) will be denied.

III. **CONCLUSION AND ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for a court order to obtain photographs (ECF No. 74) is DENIED; and

2. Plaintiff's motion to compel (ECF No. 75) is DENIED.

IT IS SO ORDERED.

Dated:     June 17, 2015                         /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE