UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO HERNANDEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>M. HERNANDEZ, et al.,<br><br>  Defendants. | CASE NO. 1:13-cv-01625-MJS (PC)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTENDANCE OF WITNESSES AT TRIAL**<br><br>**(ECF No. 78)**<br><br>**JULY 1, 2015 DEADLINE FOR SUBMISSION OF STATUTORY WITNESS FEES** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds against Defendants Hernandez, Zambrano, Clark, Rodriguez, and Martin on Plaintiff's Eighth Amendment excessive force claim. Trial is set for August 11, 2015. (ECF No. 86.)

Before the Court is Plaintiff's June 3, 2015 motion for the attendance of witnesses at trial. (ECF No. 78.) Defendants oppose the motion. (ECF No. 88.)

**I.    INCARCERATED WITNESSES**

Plaintiff seeks the attendance of incarcerated witnesses Barry Vance, Chris Thayer, and Thomas Brennick. He states that Inmates Vance and Thayer are willing to testify voluntarily, but that Inmate Brennick is not. He includes declarations from each inmate detailing their observations of the incident at issue in this case.

Defendants oppose the motion on the grounds that it is untimely and fails to make a sufficient showing that inmates Vance and Thayer are willing to testify voluntarily. They further argue that the testimony of all three inmate witnesses will be cumulative and therefore unnecessary. They suggest that, at most, two inmate witnesses be permitted to testify via video conference.

### A.    Timeliness

The Court's December 19, 2014 scheduling order (ECF No. 42) required Plaintiff to file his motion for the attendance of incarcerated witnesses on or before June 1, 2015. Plaintiff's motion was filed June 3, 2015. Ordinarily, Plaintiff is entitled to the benefit of the prison mailbox rule, under which Plaintiff's submission is deemed filed on the date he delivers it to prison authorities for forwarding to the Court Clerk. Houston v. Lack, 487 U.S. 266 (1988). Plaintiff's motion is dated May 29, 2015, but bears no indicia of when it was delivered to prison officials for mailing.

Nonetheless, the Court finds it unfathomable that Plaintiff's motion would have arrived at the Courthouse for filing on June 3, 2015 had it not been delivered to prison officials by June 1, 2015. Moreover, even if it were not, such a minimal delay does not warrant precluding Plaintiff from presenting percipient witness testimony at trial. Accordingly, the Court will consider Plaintiff's motion despite its facial untimeliness.

### B.    Inmates' Willingness to Testify Voluntarily

The Court's December 19, 2014 scheduling order (ECF No. 42) requires Plaintiff to show that his proposed witnesses are willing to testify voluntarily in one of two ways: (1) through a sworn declaration by Plaintiff that the witness has informed Plaintiff he or she is willing to testify voluntarily, stating when and where the witness so advised Plaintiff, or (2) through a sworn declaration stating same by the witness himself or herself.

Plaintiff's motion states that Inmates Vance and Thayer advised Plaintiff they are willing to testify voluntarily, although Plaintiff apparently has not had contact with

2

either of them since 2014 and 2013, respectively. Plaintiff does not state when and where the witnesses informed him of their willingness. Plaintiff's statements are not set out formally in a declaration, but the motion nonetheless is signed under penalty of perjury.

Defendants point out Plaintiff's noncompliance with the scheduling order: Plaintiff does not state where and when he was advised of his potential inmate witnesses' willingness to testify voluntarily. Additionally, given the time that apparently has passed since Plaintiff's last communication with either inmate, they may no longer be willing to testify voluntarily.

Despite Plaintiff's technical noncompliance with the scheduling order, the Court maintains discretion to grant a motion for the attendance of incarcerated witnesses if the moving party has shown the witnesses have relevant information and the Court determines the witnesses' presence will substantially further the resolution of the case. Wiggins v. Alameda Cnty., 717 F.2d 466, 468 n.1 (9th Cir. 1983). Accordingly, the Court will proceed to the merits of Plaintiff's motion. However, if either party determines prior to trial that an inmate witness is unwilling to testify voluntarily, the party may file a motion for reconsideration of this order, supported by an appropriate declaration.

### C.     Benefits of Witnesses' Testimony at Trial

#### 1.     Plaintiff's Arguments

Plaintiff's motion includes declarations from his potential witnesses.

The declaration from Inmate Vance is undated, and states that Vance was in the chow hall when an alarm sounded and the inmates were told to get down. Vance looked over and saw Defendant Hernandez on top of Plaintiff, hitting him repeatedly. Plaintiff was not doing anything wrong. Defendant Rodriguez came running in and immediately kicked Plaintiff in the face. More officers came in, including Defendant Clark. They all started punching, kicking, and stomping on Plaintiff in his face and head area. This continued for approximately three minutes.

The declaration from Inmate Thayer is undated, and states that Thayer was in the chow hall when he heard Defendant Zambrano yell. Thayer looked over and observed Defendant Hernandez on top of Plaintiff, striking him. Defendant Rodriguez ran to the scene of the incident and began kicking and punching Plaintiff while Plaintiff was face-down in a prone position. Defendants Clark and Martin arrived and kicked Plaintiff in the head and face. The officers also were accidentally kicking each other due to the large number of officers involved. This continued for three to four minutes.

The declaration from Inmate Brennick is dated March 9, 2013, and states that Brennick saw two officers forcing Plaintiff down in the chow hall while Defendant Zambrano handcuffed Plaintiff. Defendant Rodriguez punched Plaintiff in the head and face multiple times. Other officers arrived and proceeded to kick and punch Plaintiff. While Plaintiff was restrained, Defendant Hernandez ran up and kicked Plaintiff in the face. Brennick stood up at his table and verbalized his disagreement with the officers' conduct. He then was taken out of the chow hall and told to forget what happened or the same would happen to him.

## 2.     Defendants' Arguments

Defendants argue that ordering Inmate Brennick to appear may result in undue waste of time and delay, given that he has indicated he will not testify voluntarily. They further question Inmates Vance's and Thayer's agreement to testify voluntarily, despite Plaintiff's averments they are willing to do so.

Defendants also argue that all eyewitness accounts of the alleged incident should be identical, and thus the testimony of Plaintiff's proposed witnesses will be cumulative. Allowing all three witnesses to testify in person would lengthen trial due to logistical delays associated with securing the inmates in the courtroom. Defendants suggest that the Court should limit Plaintiff to, at most, two inmate eyewitnesses, and should allow those witnesses to testify via video conference.

### 3. Discussion

Defendants' argument that the testimony of Plaintiff's inmate witnesses may be cumulative is not well-taken. In their pretrial statement, Defendants list three non-party percipient witnesses they intend to call to testify regarding the incident at issue in this case. They also intend to present similar testimony from all five Defendants. If, as Defendants suggest, all eyewitness accounts of the incident should be identical, the testimony of Defendants' eight witnesses likewise would be cumulative. Defendants, however, have not offered to limit testimony from their own witnesses on this ground. In light of Defendants' proposed witness list, the Court finds Plaintiff's request modest – particularly where, as here, Plaintiff himself is limited in his ability to provide meaningful testimony regarding Defendants' conduct based on his claim that he was face down for much of the incident.

Similarly, in light of the number of defense witnesses and Plaintiff's own difficulty in providing meaningful testimony regarding Defendants' conduct, logistical delays associated with the witnesses' incarceration do not provide a sufficient basis for precluding their testimony. Nor do these delays present sufficient compelling circumstances to require the inmates to testify remotely via video conference. See Fed. R. Civ. P. 43(a) (testimony by contemporaneous transmission from a different location rather than in open court may be permitted for good cause in compelling circumstances with appropriate safeguards). Video conferencing "cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." Fed. R. Civ. P. 43 advisory committee's notes (1996).

Thus, the Court must determine whether to require these inmates' presence at trial, despite the possibility (and in the case of Inmate Brennick, the likelihood) that they may be unwilling to testify voluntarily. In determining whether to grant Plaintiff's motion, the factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the

inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted.[1] Wiggins, 717 F.2d at 468 n. 1; see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472, 115 (1995).

Plaintiff's motion indicates that all three prospective witnesses are able to provide relevant eyewitness testimony bearing directly on Plaintiff's claims and the credibility of the parties. Accordingly, the Court concludes that their presence will substantially further resolution of the case. There is nothing before the Court to indicate that any of the prospective witnesses presents a greater than average security risk. A review of the State of California's Inmate Locator indicates that Inmates Vance and Thayer are housed at Kern Valley State Prison, and that Inmate Brennick is housed at Wasco State Prison. Thus, it does not appear that the inmates' attendance at trial would involve extraordinary expense.

In light of these factors, the witnesses' potential unwillingness to testify does not warrant denial of Plaintiff's motion. "There is plenty that a judge can do to encourage a witness's testimony." Barnett v. Norman, 782 F.3d 417, 423 (9th Cir. 2015). Although such efforts ultimately may prove fruitless, the testimony of the witnesses at issue here is central to Plaintiff's case, and the Court concludes that Plaintiff must have the opportunity to attempt to elicit such testimony. The Court notes that Defendants intend to object to any declarations by inmate witnesses that Plaintiff may attempt to offer. Additionally, Inmate Brennick was interviewed by correctional staff regarding this incident, and a video tape of the interview has been made available to Plaintiff.

---

[1] Since the Court has no information on the release dates of any of the prospective witnesses, this factor shall not be discussed.

1  However, during the interview, Inmate Brennick was directed by correctional staff not to
2  elaborate on any interactions between Plaintiff and correctional staff. Thus, it appears
3  Plaintiff has no other means of presenting evidence from these witnesses.

4  For the foregoing reasons, Plaintiff's motion for the attendance of incarcerated
5  witnesses will be granted. The Court separately will issue writs of habeas corpus ad
6  testificandum for the presence of Inmates Vance, Thayer, and Brennick at trial.

7  **II.    UNINCARCERATED WITNESSES**

8  Plaintiff seeks to subpoena Correctional Captain A. Walker and Associate
9  Warden D. Fischer to testify at trial. Both officers are employed at Pleasant Valley
10 State Prison ("PVSP"). (ECF No. 78.)

11 Defendants object only on the ground that Plaintiff's motion for the attendance of
12 these witnesses is unnecessary. They point out that Plaintiff was required to provide
13 the Court with each witness' name and location to allow the Court to calculate the
14 statutory witness fees. They also contend that any further motion or request is
15 unwarranted. (ECF No. 88.)

16 The Court's December 19, 2014 scheduling order advised Plaintiff of the
17 procedures for subpoenaing unincarcerated witnesses for trial. (ECF No. 42.) Plaintiff
18 was advised to notify the Court in writing of the name and location of such witnesses
19 by June 1, 2015. He has done so.

20 Accordingly, the Court will advise Plaintiff of the travel expenses for each
21 witness so that Plaintiff may meet his obligation of submitting, not later than July 1,
22 2015, a money order to cover the travel expenses for each witness. Without the money
23 orders, no subpoena will issue and no witness will be served by the United States
24 Marshal.

25 Plaintiff lists the location of these witnesses as PVSP, P.O. Box 8500, Coalinga,
26 CA 93210. The Court takes judicial notice that the physical location of PVSP is 24863
27 West Jayne Avenue, Coalinga, CA 93210. The round trip mileage from PVSP to the

28

7

United States District Court in Fresno, CA is 123 miles and the mileage rate is 57.5 cents per mile. Accordingly, the total mileage fee for each of these witnesses is $70.73. Each witness also is entitled to a $40.00 daily witness fee. Therefore, Plaintiff must submit a money order in the amount of $110.73 payable to each of these individuals he wants subpoenaed to trial.

Plaintiff is reminded that the deadline for submitting money orders to subpoena witnesses is July 1, 2015. The Court will take and keep Plaintiff's motion for the attendance of these witnesses under submission pending receipt of these money orders.

## III.    CONCLUSION AND ORDER

Plaintiff's motion for the attendance of witnesses (ECF No. 78) is HEREBY GRANTED IN PART as follows:

1. Plaintiff's motion for the attendance of incarcerated witness is GRANTED;
2. The Court separately will issue writs of habeas corpus ad testificandum for the presence of Inmates Vance, Thayer, and Brennick for trial; and
3. Plaintiff's motion for the attendance of unincarcerated witnesses is taken under submission pending receipt of money orders covering the statutorily mandated witness fees.

IT IS SO ORDERED.

Dated:   June 18, 2015                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE