UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERICO HERNANDEZ,<br><br>         Plaintiff,<br><br>    v.<br><br>M. HERNANDEZ, et al.,<br><br>         Defendants. | CASE NO. 1:13-cv-01625-MJS (PC)<br><br>**ORDER GRANTING REQUEST FOR DISCOVERY DISPUTE CONFERENCE (ECF No. 77)**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 76)**<br><br>**PRE-TRIAL ORDER**<br><br>**Pre-trial Hearing:** June 19, 2015 at 10:30 a.m., in Courtroom 6 (MJS)<br><br>**Exchange of Trial Exhibits Deadline:** July 7, 2015<br><br>**Motions in Limine Deadline:** July 21, 2015<br><br>**Oppositions to Motions in Limine Deadline:** July 28, 2015<br><br>**Other Pre-trial Submissions Deadline:** July 21, 2015<br><br>**Hearing on Motions in Limine (if needed):** August 11, 2015 at 8:30 a.m. in Courtroom 6 (MJS)<br><br>**Jury Trial:** August 11, 2015, at 8:30 a.m. in Courtroom 6 (MJS) (Two to Three Day Trial) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed October 9, 2013 pursuant to 42 U.S.C. § 1983. The action proceeds

against Defendants Hernandez, Zambrano, Clark, Rodriguez, and Martin on Plaintiff's Eighth Amendment excessive force claim.

## I.  JURISDICTION AND VENUE

The Court has subject matter jurisdiction over this federal civil rights action. 28 U.S.C. §§ 1331 and 1343(a)(3).

Venue is proper under 28 U.S.C. § 1391 because the conduct allegedly occurred in this judicial district.

## II.  JURY TRIAL

Defendants have demanded a jury trial.

## III.  BRIEF SUMMARY OF PARTIES' POSITIONS

Because many of the relevant facts are in dispute, the Court herein briefly summarizes its understanding of the parties' respective positions.

Plaintiff alleges that he was assaulted by Defendants at Pleasant Valley State Prison ("PVSP") on February 23, 2013. More specifically, Plaintiff alleges that, while he was in the dining hall eating breakfast, Defendant Hernandez ordered Plaintiff to uncuff his pant legs. While Plaintiff was doing so, Hernandez told Plaintiff to "hurry the fuck up." Plaintiff responded, "How does that make you feel?" Hernandez was upset by this response and instructed Plaintiff to place his hands behind his back and to cuff-up. Hernandez then grabbed Plaintiff's cuffed hands and shoved them upwards toward his back, causing Plaintiff to fold over at the waist and hit his forehead on concrete. Defendant Zambrano scratched Plaintiff's face during the incident. Defendants Clark, Rodriguez, and Martin struck and kicked Plaintiff.

Defendants contend that Plaintiff turned on Defendant Hernandez as Hernandez was attempting to handcuff Plaintiff. Plaintiff struck Defendant Hernandez in the face and continued to assault him after Defendant Hernandez fell to the ground. Defendant Zambrano responded by using reasonable force to get Plaintiff off of Defendant Hernandez. Defendant Rodriguez responded to the incident and used reasonable force

1  to gain control of Plaintiff who was assaulting Defendant Hernandez. Defendant Clark
2  responded to the incident and used reasonable force to gain control of Plaintiff and apply
3  handcuffs. Defendant Martin responded to the incident but did not touch Plaintiff.

## IV. UNDISPUTED FACTS

The Court believes the following facts are not in dispute and may be submitted to the jury as stipulated facts:

1. At all times relevant to the complaint, Plaintiff was a convicted felon in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at Pleasant Valley State Prison ("PVSP").
2. At all times relevant to the complaint, Defendants were employed by CDCR at PVSP and were acting under color of law.
3. On February 23, 2013, an incident occurred in the Facility A, Section B dining hall involving Plaintiff and Defendants Hernandez and Zambrano. Other staff, including Defendants Rodriguez, Clark, and Martin, responded to the incident.
4. During the incident, force was used against Plaintiff.
5. Plaintiff sustained injuries during the incident and was transferred to Coalinga Medical Center for evaluation.
6. Examination of Plaintiff in the Emergency Room revealed multiple abrasions and lacerations to his face and head.
7. Plaintiff had two scalp lacerations, requiring 7 staples and 3 staples, respectively.
8. X-rays and CT scans of Plaintiff's head showed soft tissue swelling in the left frontal scalp and face, but no fracture.
9. Plaintiff was diagnosed with contusions of the scalp and face, laceration of the scalp, and strain of his neck and right 5th finger.
10. Plaintiff was returned to prison the same day.
11. The day following the incident, Plaintiff participated in a video-taped interview

regarding the use of force.

The parties have agreed to meet and confer to determine whether they are able to stipulate to additional facts regarding Plaintiff's injuries and medical treatment. Defense counsel shall file any further stipulations with the Court on or before July 21, 2015.

## V. DISPUTED FACTS

1. Whether Plaintiff initiated the physical altercation by striking Officer Hernandez;
2. Whether Officers Hernandez's, Zambrano's, Rodriguez's, and/or Clark's use of force against Plaintiff was reasonable and applied in a good faith effort to maintain or restore discipline;
3. Whether Defendant Martin used any force against Plaintiff; and
4. Whether Plaintiff suffered compensable injuries and, if so, the amount of compensation due.

## VI. DISPUTED EVIDENTIARY ISSUES

### A. Plaintiff

Plaintiff's only anticipated evidentiary issues involve ongoing discovery disputes.

### B. Defendants

Defendants intend to object to:

1. Any evidence submitted by Plaintiff based upon or containing inadmissible hearsay, or evidence that is irrelevant, immaterial, or incompetent;
2. Any written statements by inmates whom Plaintiff claims are witnesses; and
3. Any opinion testimony from Plaintiff regarding any matters that call for medical expertise.

Defendants reserve their right to raise further objections upon the presentation of specific testimony or exhibits.

Defendants anticipate filing a motion in limine to preclude Plaintiff from testifying about any personnel actions relating to Defendants on the grounds such testimony is

1  hearsay, irrelevant, and prejudicial.

2      Defendants anticipate filing a motion in limine to preclude Plaintiff from testifying
3  as to the significance and nature of Defendant Hernandez's tattoo, because Plaintiff is
4  not an expert in gang activity.

5      Defendants anticipate impeaching Plaintiff and any other incarcerated witness by
6  presenting evidence of prior felony convictions.

7  **VII.    RELIEF SOUGHT**

8      Plaintiff seeks compensatory damages in the amount of $100,000 against each
9  Defendant and punitive damages in the amount of $20,000 against each Defendant.
10 Defendants seek judgment in their favor and costs.

11 **VIII.    POINTS OF LAW**

12     **A.    Excessive Force**

13     The Cruel and Unusual Punishments Clause of the Eighth Amendment protects
14 prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 37-38
15 (2010); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). To state an Eighth Amendment
16 claim, a plaintiff must allege that the use of force was an "unnecessary and wanton
17 infliction of pain." Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001). The malicious
18 and sadistic use of force to cause harm always violates contemporary standards of
19 decency, regardless of whether or not significant injury is evident. Hudson, 503 U.S. at 9;
20 see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment
21 excessive force standard examines de minimis uses of force, not de minimis injuries).
22 However, not "every malevolent touch by a prison guard gives rise to a federal cause of
23 action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and
24 unusual punishments necessarily excludes from constitutional recognition de minimis
25 uses of physical force, provided that the use of force is not of a sort repugnant to the
26 conscience of mankind." Id. at 9-10.

27     Whether force used by prison officials was excessive is determined by inquiring if

28

5

the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7. The Court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. Whitley v. Albers, 475 U.S. 312, 321 (1976). The absence of significant injury alone is not dispositive of a claim of excessive force. Wilkins, 559 U.S. at 34.

**B.     Qualified Immunity**

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Resolving a claim of qualified immunity requires courts to determine whether the facts alleged, when taken in the light most favorable to the plaintiff, violated a constitutional right, and if so, whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201 (2001). While often beneficial to address in that order, courts have discretion to address the two-step inquiry in the order they deem most suitable under the circumstances. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

"The principles of qualified immunity shield an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law." Pearson, 555 U.S. at 244. Therefore, "[i]f the [defendant's] mistake as to what the law requires is reasonable . . . the [defendant] is entitled to the immunity defense." Saucier v. Katz, 533 U.S. at 205. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986).

**C.     Punitive Damages**

Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence. Ninth Circuit Model Civil Jury Instructions

6

§ 5.5 (2008). The jury must find that Defendants' conduct was "motivated by evil motive or intent, or . . . involve[d] reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1986). Acts or omissions which are malicious, wanton, or oppressive support an award of punitive damages. Dang v. Cross, 422 F.3d 800, 807-08 (9th Cir. 2005).

## IX. ABANDONED ISSUES

None.

## X. WITNESSES

The following is a list of witnesses that the parties wish to call at trial. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

### A. Plaintiff's Requested Witnesses

Plaintiff intends to call the following witnesses at trial[1]:

1. Plaintiff
2. Inmate Barry Vance
3. Inmate Thayer Chris
4. Inmate Thomas Brennick
5. Correctional Officer A. Walker
6. Correctional Officer D. Fischer

### B. Defendants' Requested Witnesses

1. Defendant G. Clark,

---

[1] Plaintiff timely filed a motion for the attendance of incarcerated witnesses at trial. (ECF No. 78.) The Court granted Plaintiff's motion (ECF No. 90), and will issue writs of Habeas Corpus ad Testificandum prior to trial. For unincarcerated witnesses, the Court will not issue the requisite subpoenas unless Plaintiff pays the statutory witness fees of $110.73 for each witness. The deadline for such submission previously was set as July 1, 2015. (Id.) At the pretrial conference, the deadline was extended to July 8, 2015. Nonetheless, Plaintiff is encouraged to submit the money orders as soon as possible, to ensure the United States Marshal has sufficient time prior to trial to serve the subpoenas.

         2.      Defendant M. Hernandez,

         3.      Defendant J. Martin,

         4.      .Defendant R. Rodriguez,

         5.      Defendant C. Zambrano,

         6.      J. Goethe, Correctional Officer at PVSP,

         7.      H. Rodriguez, Correctional Officer at PVSP,

         8.      M. Stringer, Licensed Vocational Nurse at PVSP,

         9.      Will Adams, retained expert from Correctional Litigation Solutions in Bakersfield, California, and

         10.     Bruce Barnett, M.D., unretained expert and Chief Medical Officer of the California Correctional health Care Services.

**XI.   EXHIBITS**

The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11). Nothing herein is intended to reflect on the admissibility of such documents.

   **A.    Plaintiff's Exhibits**

Plaintiff did not list any proposed exhibits in his pretrial statement, other than the following four videos:

   1. Plaintiff's medical treatment escort, Log No. PVSP-FAP-13-02-0061 (Feb. 23, 2013);

   2. Plaintiff's excessive force interview, Log No. PVSP-FAP-13-02-0061 (Feb. 23, 2013);

   3. Interview of Inmate Brennick (as redacted pursuant to ECF No. 71) regarding staff misconduct (Feb. 23, 2013); and

4. Plaintiff's use of force video (Mar. 26, 2013).

Defendants have agreed to prepare and submit these videos for trial on Plaintiff's behalf, subject to any properly raised objections.

Plaintiff included with his pretrial statement approximately 180 pages of exhibits that appear to be copies of documents initially disclosed to Defendants. He was advised at the pretrial conference that such submission is insufficient to ensure his exhibits will be considered at trial. As explained in section XXI(A), below, Plaintiff must mark his exhibits, exchange them with Defendants, and provide the required number of copies to the Court by the stated deadlines.

**B.     Defendants' Exhibits**

Defendants intend to offer:

1. Crime/Incident Report, log no. PVSP-FAP-13-02-0061, incident date February 23, 2013;

2. CDCR Form 7219, Medical Report of Injury or Unusual Occurrence, Plaintiff Hernandez (G-68172), by LVN M. Stringer;

3. CDCR Form 7219, Medical Report of Injury or Unusual Occurrence, Defendant M. Hernandez, by LVN A. Medley;

4. CDCR Form 7219, Medical Report of Injury or Unusual Occurrence, Defendant R. Rodriguez, by LVN A. Medley;

5. CDCR Form 7219, Medical Report of Injury or Unusual Occurrence, Defendant C. Zambrano, by LVN B. Ornellas;

6. CDCR Form 115, Rules Violation Report, log no. 13/FA-02-043R, dated February 28, 2013, by Defendant Correctional Officer M. Hernandez;

7. CDCR 602, Inmate Parolee Appeal Packet, log no. 13-00777;

8. Video recording of Plaintiff Hernandez being escorted for medical treatment following use-of-force incident, log no. PVSP-FAP-13-02-0061, recorded on February 23, 2013;

9

9. Video recording of Plaintiff Hernandez regarding use-of-force incident, log no. PVSP-FAP-13-02-0061, recorded on February 24, 2013;
10. Photographs of Plaintiff's injuries regarding the incident of February 23, 2013; and
11. Plaintiff's Abstract of Judgment.

### C. Joint Exhibits

At this time, the parties do not intend to offer any joint exhibits. The parties are directed to ensure against duplication of exhibits by offering joint exhibits where possible.

## XII. DISCOVERY DOCUMENTS

### A. Plaintiff's Discovery Documents

Plaintiff has not stated his intent to offer Defendants' initial disclosures or any other discovery documents.

### B. Defendants' Discovery Documents

Defendants reserve the right to offer portions of Plaintiff's deposition transcript and appended exhibits at the time of trial.

## XIII. FURTHER DISCOVERY OR MOTIONS

### A. Plaintiff's Request for a Discovery Dispute Conference

Plaintiff requested a discovery dispute conference to address items contained in Defendants' privilege log. (ECF No. 77.) During the pretrial conference, the request was granted and the dispute was discussed. Based on that discussion, Defendants were ordered to provide to the Court, for in camera review, Item Nos. 1, 4, 5, 6, and 7 on their privilege log. Defendants shall provide the documents forthwith, and in no event later than June 26, 2015.

### B. Other

None, other than motions in limine.

### XIV. STIPULATIONS

The parties are asked to stipulate to the authenticity of Plaintiff's prison central file and medical file following the exchange of trial exhibits.

### XV. AMENDMENTS/DISMISSALS

None.

### XVI. SETTLEMENT NEGOTIATIONS

None.

### XVII. AGREED STATEMENT

None.

### XVIII. SEPARATE TRIAL OF ISSUES

The Court will bifurcate the issue of punitive damages. If the jury finds Defendants liable for punitive damages, the Court will conduct a second phase of trial on the amount of punitive damages.

### XIX. APPOINTMENT OF COUNSEL

On June 3, 2015, Plaintiff filed a motion for the appointment of counsel. (ECF No. 76.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, given the disputed issues of fact, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's request for the appointment of counsel is denied without prejudice. Nevertheless, the Court believes that providing counsel to Plaintiff would benefit all parties and the Court. Indeed, the Court has searched for volunteer counsel for Plaintiff. However, as of this date, it has not succeeded in locating counsel willing to voluntarily represent Plaintiff in this action. The Court will advise the parties if that changes. Plaintiff need not renew his motion.

## XX.   ATTORNEY'S FEES

Defendants do not intend to seek attorney's fees but do intend to seek costs. Plaintiff is proceeding pro se and may not seek attorney's fees. Kay v. Ehrler, 499 U.S. 432, 435-38 (1991); Gonzales v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987).

## XXI.   FURTHER TRIAL PREPARATION

### A.   Trial Exhibits

The parties should exchange their trial exhibits with each other no later than July 7, 2015.

Plaintiff and Defendants shall submit the original and five copies of all trial exhibits, along with exhibit lists, to Courtroom Deputy Laurie Yu no later than July 21, 2015. Plaintiff's exhibits shall be pre-marked with numbers preceded by the designation "P-___" (e.g., P-1, P-2). Defendants' exhibits shall be pre-marked with letters preceded by the designation "D-___" (e.g. D-A, D-B).

The parties are required to meet and confer, by telephone or other means, to

agree upon and identify their joint exhibits, if any. Joint exhibits must be pre-marked with numbers preceded by the designation "J-__" (e.g., J-1, J-2), and Defendants' counsel shall submit the original and five copies of the joint trial exhibits, with exhibit lists, no later than July 21, 2015.

### B.  Motions in Limine Hearing and Briefing Schedule

Any party may file a motion in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. Although the Federal Rules do not explicitly provide for the filing of motions in limine, the Court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose. Luce v. United States, 469 U.S. 38, 41 n.4 (1984); Jonasson v. Lutheran Child and Family Servs., 115 F. 3d 436, 440 (7th Cir. 1997). The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose. Id.; Hawthorne Partners v. AT & T Tech., Inc., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).

All motions in limine must be served on the other party/parties, and filed with the Court, by July 21, 2015. Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Any opposition to a motion in limine must be served on the other party, and filed with the Court, by July 28, 2015.

If any party files a motion in limine, the Court will hear such argument, if any it deems necessary, and decide such motions on or before the day of trial, August 11, 2015, at 8:30 a.m.

Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.

### C.  Other

The parties are relieved of their obligation under Local Rule 285 to file trial briefs.

If they nevertheless wish to file briefs, they must do so on or before July 21, 2015. The Court will prepare the verdict form and give the parties an opportunity to review it on the morning of trial. If the parties wish to submit a proposed verdict form for consideration, they must do so on or before July 21, 2015.

The parties have filed proposed jury instructions as required by prior order of the Court. Plaintiff's proposed instructions are not presented in the form required by the Court. Nevertheless, the Court will take Plaintiff's proposals into consideration. The Court will prepare the jury instructions for the parties' review on the morning of trial. In selecting proposed instructions, the Court shall use Ninth Circuit Model Civil Jury Instructions to the extent possible.

Proposed voir dire questions, if any, shall be filed on or before July 21, 2015. Local Rule 162.1.

The parties may serve and file a non-argumentative, brief statement of the case suitable for reading to the jury at the outset of jury selection on or before July 21, 2015. The Court will consider the parties' statements but will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

Defendants shall submit a copy of any proposed videotape or DVD to the Courtroom Deputy by 4:00 p.m. on July 21, 2015. If a written transcript of audible words on the tape is available, the Court requests that the transcript be submitted to the Courtroom Deputy along with the videotape or DVD, solely for the aid of the Court.

If counsel intends to use a laptop computer for presentation of evidence or intends to use any audio/visual equipment belonging to the Court, she shall contact Courtroom Deputy Laurie Yu at least one week prior to trial so that any necessary arrangements and/or training may be scheduled.

**XXII. OBJECTIONS TO PRETRIAL ORDER**

Any party may, on or before July 1, 2015, file and serve written objections to any

1 of the provisions of this Order. Such objections shall specify the requested modifications, corrections, additions or deletions.

## XXIII. RULES OF CONDUCT DURING TRIAL

### A. General Rules

1. All participants in the trial shall conduct themselves in a civil manner. There shall be no hostile interchanges between any of the participants.
2. All oral presentations shall be made from the counsel table, unless otherwise permitted by the Court.
3. Sidebar conferences are discouraged. Legal arguments or discussion of issues outside the presence of the jury should be done during recesses.
4. Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to the jurors, such as the lobby, the elevators, the hallways and the cafeteria.

### B. Jury Selection

The Court will conduct voir dire to be supplemented by any written questions submitted by counsel prior to trial and after the Court has concluded its questioning of the jury panel. In some circumstances, the Court may allow brief direct questioning by counsel.

### C. Opening Statements

Counsel may use visual aids in presenting the opening statement. However, any proposed visual aids shall be shown to opposing counsel before opening statement.

### D. Case in Chief

1. Counsel shall have his/her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.
2. At the close of each trial day, counsel shall disclose his/her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

E. **Witnesses**

1. Before approaching a witness, counsel shall secure leave of Court to approach the witness.
2. Before approaching a witness with a writing, counsel shall first show the writing to opposing counsel.

F. **Exhibits**

1. All exhibits shall be marked and identified in accordance with the instructions in this pretrial order.
2. An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of Court to publish the exhibit.
3. The Court usually will conduct an on the record review of the exhibits that have been admitted in evidence at the conclusion of each party's case in chief and after each party has rested its entire case.

G. **Objections**

1. No speaking objections or arguments are permitted in the presence of the jury. Counsel shall state the specific legal ground(s) for the objection, and the Court will rule based upon the ground(s) stated. The Court will permit counsel to argue the matter at the next recess.
2. The Court will not assume that any objection made also implies with it a motion to strike an answer that has been given. Therefore, counsel who has made an objection, and who also wishes to have an answer stricken, shall also specifically move to strike the answer.

H. **Closing Argument**.

Counsel may use visual aids in presenting the closing argument. However, any proposed visual aids shall be shown to opposing counsel before closing argument.

I. **Trial Protective Order**

Plaintiff's security status requires that he remain in restraints at all times and

subject to appropriate security measures.

Plaintiff may make arrangements with the litigation coordinator at his facility for courtroom attire.

### J.  Writs of Habeas Corpus ad Testificandum

The Court shall separately issue writs of habeas corpus to produce Plaintiff and his inmate witnesses for trial.

**FAILURE TO COMPLY WITH ALL PROVISIONS OF THIS ORDER MAY BE GROUNDS FOR THE IMPOSITION OF SANCTIONS ON ANY AND ALL COUNSEL AS WELL AS ON ANY PARTY WHO CAUSES NON-COMPLIANCE WITH THIS ORDER.**

IT IS SO ORDERED.

Dated:  June 19, 2015                     /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE